DEC 27 '05 PM 3:42 USB

| B 104<br>(Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|

| PLAINTIFFS<br><br>GREEN ELECTRIC, INC.<br><br>FILING FEE PAID | DEFENDANTS<br><br>GEORGE J. BURKE |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>THOMAS F. FEENEY, ESQ.<br>39 Sheafe Street, Suite 1<br>Chestnut Hill, MA 02467 | ATTORNEYS (If Known)<br>GEORGE C. MALONIS, ESQ.<br>14 LOOM HILL ROAD<br>DRACUT, MASSACHUSETTS 01826 |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

PLAINTIFF HAS A JUDGMENT AGAINST DEFENDANT FOR FRAUD, CONVERSION, AND UNFAIR AND DECEPTIVE TRADE PRACTICES AS PER M.G.L. c. 93A THAT SHOULD NOT BE DISCHARGED IN DEFENDANT'S CHAPTER 7 BANKRUPTCY PROCEEDINGS.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation<br>of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☒ 456 To obtain a declaratory<br>judgment relating to any of |
| ☐ 435 To Determine Validity, Priority, or<br>Extent of a Lien or Other Interest in<br>Property | ☒ 426 To determine the dischargeability<br>of a debt 11 U.S.C. § 523 | foregoing causes of action |
| ☐ 458 To obtain approval for the sale of both<br>the interest of the estate and of a co-<br>owner in property | ☐ 434 To obtain an injunction or other<br>equitable relief | ☐ 459 To determine a claim or cause of<br>action removed to a bankruptcy<br>court |
| ☐ 424 To object or to revoke a discharge<br>11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim<br>or interest except where such<br>subordination is provided in a plan | ☐ 498 Other (specify) |

| ORIGIN OF<br>PROCEEDINGS<br>(Check one box only.) | ☒ 1 Original<br>Proceeding | ☐ 2 Removed<br>Proceeding | ☐ 4 Reinstated<br>or Reopened | ☐ 5 Transferred<br>from Another<br>Bankruptcy<br>Court | ☐ CHECK IF THIS IS A CLASS<br>ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND<br>$ | OTHER RELIEF SOUGHT<br>INTEREST, ATTORNEY'S FEES, & COSTS | ☐ JURY DEMAND<br>Check only if demanded in complaint |
|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>GEORGE J. BURKE | BANKRUPTCY CASE NO.<br>05-46456 |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>MASSACHUSETTS | DIVISIONAL OFFICE<br>WORCESTER | NAME OF JUDGE<br>JOEL ROSENTHAL |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING<br>FEE (Check one box only.) | ☒ FEE ATTACHED $250 ⁰⁰ | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>12/27/2005 | PRINT NAME<br>THOMAS F. FEENEY, ESQ. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Thomas F. Feeney |
|---|---|---|

DEC 27 '05 PM 3:42 USB

UNITED STATES BANKRUPTCY COURT

FOR THE

FILING FEE PAID

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREEN ELECTRIC, INC., ) | Adversary Proceeding No.:_____ |
| ) | |
| Plaintiff, ) | Related Chapter 7 Bankruptcy Case: |
| ) | |
| vs. ) | RE: Burke, George, J. |
| ) | No. 05-46456 |
| GEORGE J. BURKE  d/b/a ) | |
| BURKE CONSTRUCTION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ADVERSARY PROCEEDING COMPLAINT
## TO DETERMINE DISCHARGEABILITY OF JUDGMENT
## AGAINST DEBTOR GEORGE J. BURKE

### INTRODUCTION

Plaintiff Green Electric, Inc., by and through its undersigned counsel, hereby

submits an Adversary Proceeding Complaint to determine the dischargeability,

pursuant to 11 U.S.C. § 523(a), of a Judgment entered 23 December 2004 against

Defendant/Debtor George J. Burke, where that judgment was based upon Findings

by the Massachusetts Superior Court that Defendant/Debtor Burke engaged in

conversion and unfair and deceptive trade practices as defined by M.G.L. c. 93A.

### PARTIES

1.      Plaintiff Green Electric, Inc. (hereinafter "Green Electric), is a corporation duly

licensed under the laws of the Commonwealth of Massachusetts with its principal place of

business located at 56 Roland Street, Suite 102-K, Charlestown, Massachusetts, 02129.

2. Defendant George J. Burke does business as Burke Construction (hereinafter referred to as "Burke Construction"), and otherwise owns and operates such business, which is engaged as a general contractor located at 367 Boston Road, Billerica, Massachusetts, 01821. Defendant Burke's residence address is, upon information and belief, the same as his business address.

## FACTS APPLICABLE TO ALL COUNTS

3. Burke Construction hired Green Electric to perform electrical subcontract work on various projects for which Green Electric provided estimates that were accepted as the contract amounts by Burke Construction. On certain projects, extra work was requested by Burke Construction and completed by Green Electric and billed on a time and materials basis.

4. For all of the projects, invoices were issued by Green Electric to Burke Construction.

5. Burke Construction paid to Green Electric a portion of some of the invoices submitted.

6. The amounts billed, the amount paid, and the amounts still due and owning on the projects for which Burke Construction engaged Green Electric are as follows:

| Invoice (Date) | Project | Total billed | Paid | Due | Exhibit |
|---|---|---|---|---|---|
| 592 (1/14/02) | Sherborn | $18,513.24 | $10,000 | $8,513.24 | 1 |
| 594 (1/15/02) | 367 Boston Road | $ 1,203.34 | $0 | $1,203.34 | 2 |
| 655 (3/3/02) | 22 St. James Street Burlington | $ 199.48 | $0 | $ 199.48 | 3 |
| 656 (3/3/02) | 22 St. James Street | $ 214.98 | $0 | $ 214.98 | 4 |

2

| Invoice | Project | Invoice Amount | Payment | Balance | Exhibit |
|---|---|---|---|---|---|
| 658 (3/3/02) | Sherborn | $ 2,094.58 | $0 | $ 2,094.58 | 5 |
| 735 (4/21/02) | Sherborn | $ 1,587.00 | $0 | $ 1,587.00 | 6 |
| 820 (6/12/02) | Sherborn | $ 2,592.36 | $0 | $ 2,592.36 | 7 |
| 821 (6/12/02) | Swampscot | $13,343.50 | $5,000.00 | $ 8,343.50 | 8 |
| 973 (9/27/02) | York Place, Cambridge | $19,900.00 | $17,650.00 | $ 2,250.00 | 9 |
| 985 (10/4/02) | Swampscot | $ 2,158.59 | $0 | $ 2,158.59 | 10 |
| Totals | | $61,807.04 | $32,650.00 | $29,157.04 | |

7.      True and correct copies of each of the invoices listed in the preceding paragraph are attached as Exhibits 1 through 10 in the Complaint filed in the Suffolk Superior Court, upon which the Suffolk Superior Court based its findings, as set forth *infra*.

8.      Subtracted from the above amounts due and owing was $250.00 for Dump Charges incurred by Burke Construction in relation to the above projects, so the total due and owing is $28,907.04.

9.      On 14 May 2004, Plaintiff Green Electric, Inc., filed and, on 21 May 2004, properly served a Complaint against Defendant George Burke, doing business as Burke Construction.

10.      Burke Construction filed no responsive pleading and made no other effort to respond to the complaint in the Suffolk Superior Court matter.

11.      On 10 November 2004, an Order of Default Under Standing Order 1-88 was issued by the Suffolk Superior Court.

12.      On 21 December 2004, a hearing to assess damages was held in the underlying Suffolk Superior Court proceeding. Present were Plaintiff Green Electric, Inc.'s counsel Thomas

3

F. Feeney and Green Electric, Inc.'s President James E. Green, Jr.. Neither George J. Burke nor a representative was present despite being served with notice of same. Based upon a preponderance of the evidence, the Court found the following facts, in pertinent part,

> Defendant [George J. Burke] received funds from the owner of each project for the value of the work that Plaintiff [Green Electric, Inc.] performed, but willfully converted those funds to his own use instead of paying the Plaintiff amounts due and owing. As such, these acts and practices of Burke Construction amounting to the conversion of funds from the owners of the properties upon which Green Electric worked, constitute unfair and deceptive acts or practices as defined by M.G.L. c. 93A, § 11.

> Accordingly, the Court awards Green Electric, Inc., double damages in the amount of $57,814.08, plus attorney's fees [in the amount of $3,256.50].

A true and correct copy of said Findings and Conclusions attached hereto as Exhibit A.

13.    The Suffolk Superior Court awarded also costs in the amount of $219.96 and prejudgment interest at the rate of 12% per annum to 21 December 2004 in the amount of $9,602.10.

14.    The total amount of the judgment against Defendant/Debtor Burke is $99,799.68. A true and correct copy of said Judgment is attached hereto as Exhibit B.

<u>COUNT 1 - DECLARE NONDISCHARGEABILITY OF DEBT</u>

15.    Plaintiff re-alleges paragraphs 1 through 14, as if fully set forth herein.

16.    As set forth above, Defendant/Debtor Burke was found, after an evidentiary hearing to have willfully converted funds of Plaintiff/Creditor Green Electric, Inc., in the amount of 28,907.04, plus interest in the amount of $9,602.10, and otherwise engaged in unfair and deceptive business practices pursuant to M.G.L. c. 93A..

17.    As a result of Defendant/Debtor Burke's unfair and deceptive acts and practices, the Suffolk Superior Court imposed punitive damages, including attorneys fees and costs, in additions to the base amount of converted funds, in the amount of $61,070.58.

4

the Suffolk Superior Court imposed punitive damages, including attorneys fees and costs, in additions to the base amount of converted funds, in the amount of $61,070.58.

19.     A Declaration should issue that the Judgment entered against Defendant/Debtor Burke in favor of Plaintiff/Creditor Green Electric should be he non-dischargeable in Burke's pending Chapter 7 bankruptcy proceeding.No. 05-46456.

WHEREFORE, Plaintiff Green Electric, Inc., respectfully requests the following:

1.     That this Court declare non-dischargeable the Judgment, and any post-judgment interest attributable thereto, attached hereto as Exhibit B, pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and/or (a)(6), *inter alia*

2.     That this Court declare further that any injunction issued pursuant to 11 U.S.C. § 524 does not apply to the Judgment attached hereto as Exhibit B.

3.     Any and other further relief that this Court deems equitable and just, including an award of attorneys' fees and costs.

Respectfully submitted,
Green Electric, Inc.,
By its Attorney,

Thomas F. Feeney (BBO #645605)
39 Sheafe Street, Suite 1
Chestnut Hill, Massachusetts 02467
Telephone: (617) 277-5750
Facsimile: (617) 277-5751

DATE: 27 December 2005

5

EXHIBIT A

12-27

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 2004-02126-C

notice sent
12-27-04
TFF
jdc

| | |
|---|---|
| GREEN ELECTRIC, INC., | ) |
| Plaintiff | ) |
| vs. | ) |
| GEORGE J. BURKE d/b/a | ) |
| BURKE CONSTRUCTION, | ) |
| Defendant | ) |

### ~~PROPOSED~~ FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

On 21 December 2004, a hearing to assess damages was held. Present were Plaintiff Green Electric, Inc.'s counsel Thomas F. Feeney and Green Electric, Inc.'s President James F. Green, Jr., also present was _____. Based upon a preponderance of the evidence, the Court finds the following facts:

1.  Plaintiff Green Electric, Inc., ("Green Electric") is a corporation duly licensed under the laws of the Commonwealth of Massachusetts with its principal place of business located, at relevant times herein, at 193 Arnold Avenue, Revere, Massachusetts.

2.  The defendant in this action, George J. Burke d/b/a Burke Construction ("Burke Construction") is a general contractor with a principal place of business in Billerica, Middlesex County, Massachusetts.

3.  On 14 May 2004, Plaintiff Green Electric, Inc., filed and, on 21 May 2004, properly served a Complaint against Defendant George Burke, doing business as Burke Construction.

4.  Burke Construction has filed no responsive pleading and has made no other effort to respond to the complaint in this matter.

5.  On 10 November 2004, an Order of Default Under Standing Order 1-88 was issued properly by the Court.

6.  The Complaint alleged that Plaintiff and Defendant entered into a contract whereby Plaintiff was to provide labor and materials on various projects on which Defendant was the general contractor.

7.  Plaintiff provided labor and materials satisfactory to Defendant .

8.  The amounts billed, the amount paid, and the amounts still due and owning on the projects for which Burke Construction engaged Green Electric are as follows:

| Invoice (Date) | Project | Total billed | Paid | Due |
|---|---|---|---|---|
| 592 (1/14/02) | Sherborn | $18,513.24 | $10,000 | $8,513.24 |
| 594 (1/15/02) | 367 Boston Road | $ 1,203.34 | $0 | $1,203.34 |
| 655 (3/3/02) | 22 St. James Street Burlington | $ 199.48 | $0 | $ 199.48 |
| 656 (3/3/02) | 22 St. James Street | $ 214.98 | $0 | $ 214.98 |
| 658 (3/3/02) | Sherborn | $ 2,094.58 | $0 | $ 2,094.58 |
| 735 (4/21/02) | Sherborn | $ 1,587.00 | $0 | $ 1,587.00 |
| 820 (6/12/02) | Sherborn | $ 2,592.36 | $0 | $ 2,592.36 |
| 821 (6/12/02) | Swampscot | $13,343.50 | $5,000.00 | $ 8,343.50 |
| 973 (9/27/02) | York Place, Cambridge | $19,900.00 | $17,650.00 | $ 2,250.00 |
| 985 (10/4/02) | Swampscot | $ 2,158.59 | $0 | $ 2,158.59 |
| Totals | | $61,807.04 | $32,650.00 | $29,157.04 |

9. The Court finds that Defendant breached the respective contracts established between the Plaintiff and the Defendant as set forth herein, and that Defendant's breach was the proximate cause of the monetary injuries to Plaintiff as set forth in paragraph 8, above.

10. Subtracted from the above amounts due and owing should be $250.00 for Dump Charges incurred by Burke Construction in relation to the above projects, so the total due and owing is $28,907.04.

11. Prejudgment interest on the above invoices from the date of each invoice at the statutory rate of 12% per year up to and including 21 December 2004 equals $ 9,602.10, and is hereby awarded. Post judgment interest on the principal amount will continue at the daily monetary rate of $10.00 per day, which is equal to the statutory rate of 12% per annum.

12. Plaintiff incurred costs in this matter of $275.00 for filing fees, $5.00 for a summons fee, and $39.96 for a service of process fee. The Court hereby awards such costs in this case to Plaintiff as against Defendant in the amount of $219.96.

13. Defendant invoiced the owners of the property for the value of the work that Green Electric performed and received funds from the owner of each project for the value of the work that Plaintiff performed, but willfully converted those funds to his own use instead of paying the Plaintiff amounts due and owing. As such, these acts and practices of Burke Construction amounting to the conversion of funds from the owners of the properties upon which Green Electric worked, constitute unfair and deceptive acts or practices as defined by M.G.L. c. 93A, § 11.

14. Accordingly, the Court awards Green Electric, Inc., double damages in the amount of $57,814.08, plus attorney's fees.

15. Plaintiff's counsel has submitted an affidavit indicating that the total amount of hours

3

expended on this case amounts to 16.7 hours. Plaintiff's attorney has been in practice since 1991 and I find that his proposed hourly rate of $195.00 per hour to be fair and reasonable and consistent with the hourly rate of attorneys with similar experience and background in this legal community and hereby award fees in the amount of $ 3,256.50.

16. Defendant George J. Burke d/b/a Burke Construction is not in the military service of the United States or its allies, as defined in the Soldiers and Sailors Relief Act of 1940, as amended.

17. Judgment to issue forthwith.

APPROVED AND SO ORDERED THIS 23 DAY OF December, 2004:

_____
JUDGE OF THE ABOVE-ENTITLED COURT

4

EXHIBIT   B

8

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK. SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 2004-02126-C

GREEN ELECTRIC. INC.,    )
                         )
           Plaintiff     )
                         )
    vs.                  )
                         )
GEORGE J. BURKE d/b/a    )
BURKE CONSTRUCTION,      )
                         )
           Defendant     )

TRUE COPY OF JUDGMENT DULY ENTERED ON _12-31_____ 20 04

## JUDGMENT

Judgment by Default having been entered, a Hearing on the Assessment of Damages held,

and pursuant to the Proposed Findings of Fact, Conclusions of Law, and Order as approved by

the Court and entered herein on _____, a Judgment in the principal amount of

$28,907.04 is hereby entered. Pre-judgment interest to 21 December 2004 in the amount of

$ 9,602.10 is awarded. Court costs in the amount of $219.96 are awarded.

Furthermore, Judgment on Plaintiff's M.G.L. c. 93A claim is awarded for double

damages plus attorneys fees in the amounts, respectively of $57,814.08 and $3,256.50, for a total

amount of $ 61,070.58.

Accordingly, the total judgment amount awarded to Plaintiff Green Electric, Inc., from

Defendant George J. Burke is $99,799.68.

APPROVED AND SO ORDERED THIS 23 DAY OF December , 200 4 .

_____

JUDGE OF THE ABOVE-ENTITLED COURT

JUDGMENT ENTERED ON DOCKET _12-31_ 20 04
PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P. 58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS. R. CIV. P. 77(d) AS FOLLOWS