# United States Bankruptcy Court
# District of Massachusetts

| | |
|---|---|
| In re: | |
| | CHAPTER 7 |
| GEORGE BURKE, | |
| DEBTOR | CASE NO. 05-46456 |
| | |
| GREEN ELECTRIC, INC. | |
| PLAINTIFF, | |
| v. | ADV. PRO. NO. 05-4353 |
| | |
| GEORGE BURKE d/b/a/ BURKE CONSTRUCTION, | |
| DEFENDANT. | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court for hearing on the Plaintiff's Motion for Summary Judgment [#22] and the Debtor's Opposition thereto [#27]. The Plaintiff, a subcontractor who performed work for the Debtor, seeks a declaration that its claim against the Debtor is nondischargeable under 11 U.S.C. § 524 based on a default judgment entered by the Massachusetts Superior Court. The Plaintiff does not dispute that the Debtor never appeared at any stage of the state court proceeding. Nevertheless, the Plaintiff argues that collateral estoppel principles apply because in the state court's "Findings of Fact, Conclusions of Law, and Order," entered after an assessment of damages hearing, the judge included the following finding: "[Debtor] willfully converted those funds to his own use instead of paying the Plaintiff amounts due and owing." Because the only issue before the Court is whether the state court's order compels this Court to declare the Plaintiff's claim nondischargeable as a matter of law, summary judgment is appropriate. Fed. R. Bankr. P. 7056(c).

Collateral estoppel principles apply in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). As Judge Boroff explained in *In re Ellis*, 345 B.R. 11, 17 (Bankr. D. Mass. 2006), when determining whether a state court judgment is preclusive, a federal court "must give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." (Internal citations and quotation marks omitted). In the instant case, Massachusetts law dictates when a judgment is to be given preclusive effect.

As Judge Boroff also noted in *Ellis*, courts and litigants often use imprecise language when referring to the two related but distinct preclusion concepts.[1] Thus it is worth repeating what each concept is intended to preclude.

Claim preclusion, also referred to as *res judicata*,[2] "generally refers to the effect of a prior judgment in foreclosing successive litigation on the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). As articulated by Supreme Judicial Court

> The doctrine of claim preclusion makes a valid, final

---

[1] Indeed, in the case at bar, the Plaintiff argues that collateral estoppel, also known as issue preclusion, applies to the Massachusetts judgment but relies heavily upon *Ellis*, a claim preclusion case. At oral argument, counsel argued that claim preclusion applies to this case. As set forth in this decision, claim preclusion does not apply.

[2] As Judge Boroff notes, the distinction between the concepts is further confused by the use of the term *res judicata* as an umbrella to mean both claim and issue preclusion.

> judgment conclusive on the parties and their privies, and
> bars further litigation on all matters that were or should have
> been adjudicated in the action.... This is so even though the
> claimant is prepared in a second action to present different
> evidence or legal theories to support his claim, or seeks
> different remedies.... The doctrine is a ramification of the
> policy considerations that underlie the rule against splitting a
> cause of action, and is based on the idea that the party to be
> precluded has had the incentive and opportunity to litigate
> the matter fully in the first lawsuit.... *As such, it applies only
> where both actions were based on the same claim*.

*Heacock v. Heacock*, 402 Mass. 21, 23-24, 520 N.E.2d 151, 152-53 (1988)(emphasis added, internal citations and quotation marks omitted).

Issue preclusion, or collateral estoppel, "generally refers to the effect of a prior judgment in foreclosing successive litigation on an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or different claim." *New Hampshire*, 532 U.S. at 748, 121 S.Ct .1808.  As noted  by the Supreme Judicial Court "[t]he judicial doctrine of collateral estoppel provides that when an issue of fact or law is *actually litigated* and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different." *Alba v. Raytheon Co.*,  441 Mass. 836, 841, 809 N.E.2d 516, 521 (2004)(emphasis added, internal citations and quotation marks omitted).

> Before applying the doctrine, a court must answer
> affirmatively four questions: (1) was there a final judgment
> on the merits in the prior adjudication; (2) was the party
> against whom estoppel is asserted a party (or in privity with
> a party) to the prior adjudication; (3) was the issue decided
> in the prior adjudication identical with the one presented in
> the action in question; and (4) was the issue decided in the

> prior adjudication essential to the judgment in the prior adjudication?

*Id.* at 842, 809 N.E.2d at 521.

In its dischargeability complaint, the Plaintiff seeks a determination that its claim is excepted from discharge under section 523(a)(2), (4), and/or (6) of the Bankruptcy Code.[3] In its Memorandum in Support of Plaintiff's Motion for Summary Judgment, the Plaintiff invokes the doctrine of issue preclusion and argues that the hearing on the assessment of damages, in which the Debtor did not participate, satisfies the "actually litigated" requirement that must be met before issue preclusion applies. It does not. In *Treglia v. MacDonald*, 430 Mass. 237, 241, 717 N.E.2d 249, 253 (1999), a case directly on point, the court noted that "a default judgment does not have preclusive effect on an issue in a subsequent action because the issues have not been actually litigated." Although the court explained that there could be situations "in which a litigant may so utilize our court system in pretrial procedures, but nonetheless be defaulted for some

---

[3] 11 U.S.C. §523(a)(2), § (a)(4), and (a)(6), state that:
(a) A discharge...does not discharge an individual debtor from any debt-
  (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by-

  (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

  (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

  (6) for willful and malicious injury by the debtor to another entity....

reason, that the principle and rationale behind collateral estoppel would apply." *Id.* at 242, 717 N.Ed.2d at 254. The case at bar, where the Debtor did not participate at all in any of the state court proceedings, however, does not present such a circumstance.

Finally, at oral argument, the Plaintiff argued that the doctrine of *claim preclusion* compelled this Court to find that its claim is excepted from discharge because the state court's findings included the language that the Debtor "willfully converted those funds to his own use...." Even assuming that claim preclusion, not issue preclusion applied,[4] that finding is not the same as a finding that the Debtor obtained the Plaintiff's services by "false pretenses, a false representation, or actual fraud..." as required under §523(a)(2). Similarly, although the Plaintiff argued that the Debtor as a general contractor is a fiduciary or akin to a fiduciary under state law, that argument is incorrect as a matter of law and, if there is any written contract that might impose such an obligation, it is not in the record before the court. *See In re H. & A. Const. Co., Inc.*, 65 B.R. 213, 217 (Bankr. D. Mass. 1986). Thus there is nothing in the state court judgment that demonstrates that §523(a)(4) was satisfied. Finally there is nothing in the record before the Court to suggest that the Debtor's conversion of funds for his own use was carried out with the actual intent to cause injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

---

[4]Claim preclusion, unlike issue preclusion, does not require the claim to have been actually litigated. That the party against whom claim preclusion is invoked had the *opportunity* to participate in the action is sufficient. In the case at bar, the Debtor submitted an affidavit that he never received the state court summons or complaint. That argument should be addressed to the state court, which specifically found that the Debtor had been properly served with the state court complaint. Similarly, the Debtor alleges he has defenses to the Plaintiff's claim. Those defenses as well need to be addressed to the state court.

5

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is

DENIED.

A separate order shall issue.

*Joel B. Rosenthal*

Dated: November 22, 2006                          _____
                                                  Joel B. Rosenthal
                                                  United states Bankruptcy Judge